| | | |
|---|---|---|
| **NATIONAL ELECTRICAL BENEFIT FUND,** | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-17-00027 |
| **UNITED NETWORK SYSTEMS, INC.,** | * | |
| and | * | |
| **JANET MROZ,** | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff National Electrical Benefit Fund ("Plaintiff" or "NEBF") brings this action against Defendants United Network Systems, Inc. and Janet Mroz (collectively, "Defendants") under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001 *et seq.* Following Defendants' failure to answer or otherwise defend in this action, the Clerk of the Court entered default against Defendants on June 6, 2017. ECF No. 11. Now pending before the Court is Plaintiff's Motion for Default Judgment against Defendants pursuant to Fed. R. Civ. P. 55(b). ECF No. 10. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion for Default Judgment is granted, and judgment is entered against Defendants in the amount of $29,551.56.

## I. BACKGROUND

The following facts are established by the Complaint, ECF No. 1, and evidentiary exhibits in support of the Motion for Default Judgment, ECF Nos. 10-1, 10-2. The NEBF is a multiemployer employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), which has been established pursuant to an agreement entered into between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA"). ECF No. 1 ¶ 4. Employers agree to participate in the NEBF pursuant to collective bargaining agreements with the IBEW or one of its affiliated local unions. *Id.* The NEBF is administered at 2400 Research Boulevard, Suite 500, Rockville, Maryland 20850-3238. *Id.*

Plaintiff states, upon information and belief, that Defendant United Network Systems, Inc. ("UNS") is an Illinois corporation whose main place of business is or was 2021 Midwest Road, Suite LL-1, Oak Brook, Illinois 60523. *Id.* ¶ 5. UNS is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and is contractually and legally obligated to submit contributions to the NEBF. *Id.* According to the website for the Illinois Secretary of State, UNS was involuntarily dissolved on December 13, 2013. *Id.* Defendant Mroz is or was the president of UNS and, since at least December 13, 2013, has continued to do business under the UNS name and maintains the same address for service of process. *Id.* ¶¶ 6, 7. Plaintiff alleges that Mroz is or was the functioning principal of UNS, failed to observe corporate formalities as they related to UNS, commingled the undercapitalized assets of UNS with her own personal funds, and is obligated to satisfy UNS's delinquent payments owed to Plaintiff pursuant to 29 U.S.C. § 1132(g)(2). *Id.* ¶¶ 26–32.

At all times relevant to the action, Defendants were signatories to collective bargaining agreements ("Collective Bargaining Agreements") with IBEW Local Union 134 as the collective bargaining representatives for Defendants' employees. *Id.* ¶ 8. According to the Complaint, the Collective Bargaining Agreements obligated Defendants to submit payroll contributions to the NEBF on behalf of employees covered by the Agreements. *Id.*; ECF No. 10-2 at 7.[1] Defendants were also bound to the terms and conditions of the Restated Employees Benefit Agreement and Trust ("Trust Agreement"), which governed administration of the NEBF. ECF No. 1 ¶ 9; ECF No. 10-2 at 6–13. The Trust Agreement authorizes Plaintiff, as a Trustee, to take all necessary actions to recover delinquent contributions, including interest on the delinquent contributions at a rate of ten percent (10%) per annum compounded monthly, liquidated damages in an amount equal to twenty percent (20%) of the delinquency, and all costs, including attorneys' fees and audit expenses incurred in collecting the delinquency. ECF No. 1 ¶ 23; ECF No. 10-2 at 12.

Plaintiff alleges that Defendants have been delinquent in making contributions to the NEBF on behalf of its employees covered by the Collective Bargaining Agreements. ECF No. 1 ¶ 10. Specifically, according to an audit of Defendants' books and records conducted in 2015, Defendants failed to report or pay $5,197.09 in contributions owed to NEBF in connection with work performed by covered employees between January 1, 2013 and December 31, 2014. *Id.* ¶ 11. Upon further inquiry, Plaintiff learned that Defendants have failed to pay required contributions since at least 2006, and Defendants' contributions owed for the periods January 1, 2006 through July 31, 2016 are equal to $29,602.51. *Id.* ¶¶ 12, 13.

Plaintiff has made demands for payments of the foregoing amounts, and, prior to filing the Complaint, Defendant has failed and refused to pay the same. ECF No. 1 ¶ 14. Plaintiff filed

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

3

the instant Complaint on January 5, 2017, ECF No. 1, and Defendants were properly served with the Complaint on January 29, 2017. ECF No. 10 ¶ 2. An Answer from Defendants was due on or before February 19, 2017. On May 22, 2017, with no answer having been filed, Plaintiff moved for default, and the Clerk of the Court entered default against Defendants on June 7, 2017. ECF Nos. 9, 11. After the Complaint was served, Plaintiff received one payment of $35,954.26 on Defendants' behalf. ECF No. 10-2 ¶ 7. Plaintiff considers this payment sufficient to satisfy Defendants' unpaid contributions, liquidated damages, and audit expenses but maintains that Defendants remain liable for accrued interest and attorney's fees and costs in the total amount of $29,551.56. ECF No. 10-2 ¶¶ 7, 12.

## II.  STANDARD OF REVIEW

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012). Although "[t]he Fourth Circuit has a 'strong policy' that 'cases be decided on their merits,'" *Choice Hotels Intern., Inc. v. Savannah Shakti Carp.*, No. DKC-11-0438, 2011 WL 5118328, at *2 (D. Md. Oct. 25, 2011) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party[.]" *Id.* (citing *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

"Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *Lawbaugh*, 359 F. Supp. 2d at 422; *see also*

4

*Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (noting that "[t]he defendant, by [its] default, admits the plaintiff's well-pleaded allegations of fact," which provide the basis for judgment). Upon a finding of liability, "[t]he court must make an independent determination regarding damages . . ." *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013). Fed. R. Civ. P. 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." While the Court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

### III. ANALYSIS

The Court has subject matter jurisdiction over this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132. Venue is proper under 29 U.S.C. §§ 1132(e)(2) as the NEBF is administered in Rockville, Maryland. Under ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145; *see Bd. of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Camelot Constr., Inc.*, No. 1:14-CV-161-LMB-TRJ, 2015 WL 13050031, at *3 (E.D. Va. Apr. 14, 2015). In the Complaint, Plaintiff alleges that Defendants were obligated under the terms of the Collective Bargaining Agreements and Trust Agreement to make contributions to NEBF, but failed to do so between January 1, 2006 through July 31, 2016. ECF No. 1 ¶ 13; ECF No. 10-2 ¶ 5.

29 U.S.C. § 1132(g)(2) provides that in any action brought to enforce the payment of delinquent contributions, and in which a judgment in favor of the plan is awarded, the court shall award the plan:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of—
>    i. interest on the unpaid contributions, or
>    ii. liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2); *see also Board of Trustees Sheet Metal Workers' Nat. Pension Fund v. Columbus Show Case Co.*, No. 1:14-cv-478, 2014 WL 3811252, at *4 (E.D. Va. Aug. 1, 2014); *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 686 (D. Md. 2013); *Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Lake Side Plumbing & Heating, Inc.*, No. 1:12-CV-00298 LO/IDD, 2012 WL 6203001, at *4 (E.D. Va. Nov. 20, 2012). Thus, assuming the truth of the well-pleaded allegations in the Complaint, Plaintiff has established Defendants' liability under the Collective Bargaining Agreements, Trust Agreement, and Section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2).

In support of its request for damages, Plaintiff submits a Delinquency Report for the months of January 2006 through May 2017, ECF No. 10-2 at 20–23, along with the Affidavit of Angel Losquadro, Director of the Audit and Delinquency Department of the NEBF, ECF No. 10-2 at 1–4. Losquadro attests that pursuant to the Trust Agreement and 29 U.S.C. § 1132(g)(2), NEBF is authorized to recover interest on delinquent contributions at a rate of ten percent per

annum, liquidated damages in the amount of twenty percent of the delinquency, audit expenses, and attorney's fees. ECF No. 6-2 ¶ 9.

The Delinquency Report indicates $29,602.51 in unpaid contributions remained outstanding during the months between January 2006 through July 2016, as well as $5,920.50 in liquidated damages and $431.25 in audit expenses. ECF No. 10-2 ¶ 23. Plaintiff received a check for $35,954.26 on February 14, 2017 and applied the funds to satisfy the unpaid contributions, liquidated damages, and audit expenses. *Id.* However, Defendants have failed to satisfy the accrued interest charged on their unpaid contributions in the amount of $28,212.26.[2] *Id*; *see also* 29 U.S.C. § 1132(g)(2)(B).

In support of Plaintiff's request for attorney's fees and costs in an amount of $1,339.30, Plaintiff attaches the Affidavit of attorney Jennifer Bush Hawkins. ECF No. 10-1. $1,339.30 represents 1.2 hours of work done by Hawkins, at an hourly rate of $379.00, 1.5 hours of work done by legal assistant Caroline Lippie, at an hourly rate of $123.00, $400.00 filing fee, and $300 for services of process fees. *Id.* at 2–3 (noting that Hawkins has been a licensed attorney for twenty two years). The Court finds the time billed and hourly rates applied to be reasonable and commensurate with the Local Guidelines (D. Md. July 1, 2016). Therefore, the request will be granted in full. *See Nat'l Elec. Benefit Fund v. Allran/Hemmer Elec., LLC*, No. GJH-16-1184, 2017 WL 1273922, at *4 (D. Md. Jan. 6, 2017) (awarding attorneys' fees and expenses to same counsel for NEBF). Defendants therefore owe $1,339.30 in attorney's fees and costs. *See* 29 U.S.C. § 1132(g)(2)(D).

---

[2] Plaintiff's Complaint prays for judgment to include "interest on the unpaid contributions calculated from the date due until the date paid at the rate of 10% per annum." ECF No. 1 ¶ 23(b). At the time of filing the Complaint, Plaintiff calculated interest due as $22,821.47. *Id.* At the time of filing the Motion for Default Judgment, Plaintiff now calculates interest due as $28,212.26. ECF No. 10-2 ¶ 10. While Fed. R. Civ. P. 54(c) provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings," this Court has held that such an increase is permissible where Defendants had notice that an additional unspecified amount of interest would become due in subsequent months after filing the Complaint. *Trustees of the Nat'l Automatic Sprinkler Indus. Welfare Fund v. Harvey*, No. GJH-15-521, 2016 WL 297425, at *6 (D. Md. Jan. 21, 2016).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment, ECF No. 10, is granted against Defendants in the total amount of $29,551.56. Additionally, post-judgment interest shall accrue until the judgment is satisfied pursuant to 28 U.S.C. § 1961. A separate Order shall issue.

Date: October 30, 2017

_____
GEORGE J. HAZEL
United States District Judge